### GEORGE BEARD *v.* RICHARD HOLLAND.

1. CIRCUIT CLERK. *Marriage license. Action for penalty.*

     A declaration against a circuit clerk for the statutory penalty for issuing a license for the marriage of a female minor without her parents' consent, is not demurrable for failing to allege that the man was under age, unless it shows that the clerk complied with the act of March 1, 1875. Acts 1875, p. 122.

2. SAME.   *Deputy.   Misfeasance.*

    The fact that the person who issued the license in the clerk's name was not his legally constituted deputy is no defence, if he was put in charge of the office by the clerk to attend to it in his absence, and professed to be his deputy.

APPEAL from the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

In this action by the appellee, which resulted in a recovery of the penalty prescribed by Code 1871, § 1760, from the appellant, a circuit clerk, for issuing, without the consent of the former, a license for the marriage of his daughter, who was under eighteen years of age, a demurrer which assigned the failure of the declaration to allege that both parties for whose marriage the license issued were under the statutory age, was overruled, and the appellant filed his plea, under which he proved that the license was issued in his name, but without his knowledge, by a person whom he left in charge of the office during his absence, and who signed himself deputy, but was not appointed in writing or sworn, and did not qualify as such, and that this person did not take the oath of either party or an affidavit or certificate of any kind, that one or both of them had reached the statutory age of consent.

*Fitz Gerald & Whitfield*, for the appellant.

1. Under Acts 1875, p. 122, the clerk may protect himself by taking an affidavit that either party to the contemplated marriage is over the age of consent. As the object of the oath is only to establish this fact, it results that if either party is over the statutory age the clerk may issue the license. The effect of this statute is, therefore, that a declaration for the penalty prescribed in Code 1871, § 1760, must set out the age of both parties.

2. An officer's liability for the illegal act of a person who pretends to be his deputy, and who is not, rests alone upon his actual connection with the act, and does not arise out of official relations. This statute, which is highly penal, and must not be extended by implication, cannot be violated by an official act. If the law is infringed; the person, and not the officer, is responsible. A deputy who breaks a penal statute is personally liable, and no one shares the responsibility who did not

participate in the offence. Without the statute (Code 1871, § 1760) a sheriff would not be liable for misfeasance of his deputy, and there is no similar statute applicable to circuit clerks. *State* v. *Nichols*, 39 Miss. 318. Acts of a *de facto* deputy may be valid, but the clerk is not responsible for his errors. *Kelley* v. *Story*, 6 Heisk. 202.

*C. L. Bates*, on the same side.

This penal statute cannot be extended so as to embrace a class of cases not covered by its language. *Merrill* v. *Melchior*, 30 Miss. 516 ; *Foote* v. *Vanzandt*, 34 Miss. 40. Being in derogation of the common law, it must be construed with reference thereto. *Edwards* v. *Gaulding*, 38 Miss. 118 ; *Hollman* v. *Bennett*, 44 Miss. 322. This court has refused to extend its operation. *Bates* v. *Stokes*, 40 Miss. 56. Punishment of the offender and not remuneration of the injured person is the object of this statute, which permits any one to bring suit for the penalty. Sureties on the official bond are not liable, and the delinquent deputy may be as solvent as the clerk.

*Slack & Longstreet*, for the appellee.

This action is properly brought against the clerk by virtue of Code 1871, § 1760. *Detterly* v. *Yeamans*, 39 Miss. 475 ; *Bates* v. *Stokes*, 40 Miss. 56 ; *State* v. *Baker*, 47 Miss. 88 ; *Hills* v. *Hobert*, 2 Root, 48 ; *Hervey* v. *Moseley*, 7 Gray, 479. It is not essential that the deputy should have been sworn. *Pickens* v. *McNutt*, 12 S. & M. 651 ; *Keyser* v. *M'Kissan*, 2 Rawle, 139 ; *People* v. *Collins*, 7 Johns. 549 ; *Jones* v. *Scanland*, 6 Humph. 195. A principal is liable to third persons in a civil suit for the negligence of his agent. *Mayer* v. *McLure*, 36 Miss. 389. And an officer is responsible for the misfeasance of his deputy. *Marshall* v. *Hamilton*, 41 Miss. 229 ; *Cooper* v. *Moore*, 44 Miss. 386 ; *Kimball* v. *Alcorn*, 45 Miss. 151 ; *Mobley* v. *State*, 46 Miss. 501 ; *Swan* v. *Smith*, 58 Miss. 875. The law knows but one circuit clerk in a county, and he cannot hold out a person as his deputy and escape from the consequences of his acts done in performance of the clerk's duties.

CAMPBELL, J., delivered the opinion of the court.

The act of March 1, 1875 (Acts 1875, p. 122), was not a protection to the clerk, and could not be invoked by him as such

because he did not bring himself within it.    It declares what shall be a protection to the clerk, if done by him.    The demurrer was  properly  overruled.

The fact that the person who issued the license in the name of the clerk, and professing to be his deputy, and who was put in charge of the office by the clerk to attend to it in his absence, had not been legally constituted a deputy, is not a defence to the clerk who is sued for the misfeasance of such person.    It does not lie in the mouth of the clerk to say that he caused himself to be represented in his official capacity by one not appointed as the law directs.    He placed him in the office, and is responsible for his assumption of official duty.

*Affirmed.*